IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL LEE THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-806-O-BP |
| | § | |
| CALVIN BAESTO BEATTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Michael Thompson filed this suit on September 12, 2022, against Defendants Calvin Beatty and Delvon Campbell. ECF No. 1. At that time, he listed his address as 107 S. Creighton Drive, Hudson Oaks, TX 76087. The clerk of court issued the standard Instruction to a Prisoner *Pro Se* Plaintiff that warned Thompson: "2. Address Change – You must notify the Court if your address changes, or you case may be dismissed. Promptly file a written change of address notice in your case." ECF No. 4.

The Court received "mail returned as undeliverable" from a previous order sent to Thompson. ECF Nos. 31, 33. To verify Thompson's current address, the Court on July 12, 2023, ordered him to file a change of address on or before July 26 if he had in fact moved. ECF No. 34. On the same day, the Court also entered an order directing Thompson to show cause why he did not comply with the Court's order for him to respond to Defendants' Rule 7(a) Motions to Compel and to Stay Discovery. ECF No. 32. To date, Thompson has not complied with either order.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt.*, *L.L.C.*, 905

F.3d 835, 844 (5th Cir. 2018). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). Under Rule 41(b), the plaintiff has a duty to keep the Court apprised of any address changes. *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007). Thompson has not updated his address, so the litigation cannot proceed as the Court has no means to communicate with him. *Turner v. Texas*, No. 3:20-cv-1669-X-BT, 2020 WL 6747387, at *1 (N.D. Tex. Oct. 28, 2020), *rec. adopted*, 2020 WL 6741653 (N.D. Tex. Nov. 16, 2020). Because Thompson has not provided the Court with an updated address despite being ordered to do so, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on July 28, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE